THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MONIQUE BROWN, on behalf of herself, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 16 C 10667 |
| v. | ) ) | Magistrate Judge Maria Valdez |
| HEALTH RESOURCE SOLUTIONS, INC., GLENN STEIGBIGEL, and ROBERT MIKULAK, | ) ) ) ) | |
| Defendants. | ) | |

**FINAL APPROVAL ORDER AND FINAL JUDGMENT**

On April 19, 2018, the Court heard the Parties' Joint Motion for Final Approval of Class Action Settlement and Final Approval of FLSA Collective Action Settlement. The Court has considered the Motion and other related materials submitted by the Parties, as well as the Parties' presentation at the hearing on final approval, and otherwise being fully informed on the premises, hereby finds and orders as follows:

1.  This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and § 216(b) of the Fair Labor Standards Act ("FLSA") and has supplemental jurisdiction over Plaintiffs' Illinois Minimum Wage Law ("IMWL") claims pursuant to 28 U.S.C. § 1367(a), including jurisdiction over all members of the Settlement Class.

2. The Court finds that there is a bona fide legal dispute between the Parties as to whether Class Members were correctly classified as exempt for overtime purposes and whether Class Members are owed any overtime compensation.

3. The Court grants final approval of the settlement memorialized in the Class and Collective Action Settlement Agreement filed with the Court.

4. The Court finds that the settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that: (a) the strength of Plaintiffs' case on the merits weighed against Defendants' defenses, and the complexity, length, and expense of further litigation, support approval of the settlement; (b) the Maximum Settlement Amount of $900,000 as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the claims; (c) the settlement was reached pursuant to arm's-length negotiations between the Parties; (d) the support for the settlement expressed by Class Counsel and counsel for Defendants, all of whom have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the settlement; (e) the absence of any objections to the settlement by Class Members supports approval of the settlement; and (f) the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the settlement.

5. The Court approves the settlement as a final, fair, reasonable, adequate, and binding release of the claims of the Named Plaintiff, Opt-In Plaintiffs, and the Settlement Class Members as provided in the Settlement Agreement.

6. All Class Members who timely submitted a Claim and Opt-In Form irrevocably consent to join and opt into the FLSA collective action in this Lawsuit and authorize Class Counsel to file with the Court their consents to join.

7. The Notice of Proposed Settlement of Class and Collective Action Lawsuit ("Class Notice"), Claim and Opt-In Form, and Election to Opt Out of Settlement and Class Action Form (collectively, "Notice Packet"), sent to the Class Members via first class mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if they submitted a claim and the settlement was approved, their right to request exclusion from the settlement and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice Packet also adequately informed the Class Members of the address to contact both Class Counsel and Defendants' Counsel. Thus, the Court finds that the Notice Packet provided to the Class satisfied the requirements of Rule 23(c)(2)(B) and the FLSA.

8. This Court hereby dismisses the case in its entirety without prejudice, without awarding costs to the Parties except as provided in the Settlement Agreement, and approves the settlement and releases set forth in the Settlement Agreement. This dismissal will convert to with prejudice without any further order of the Court on the date Defendants deposit the settlement funds into the Qualified Settlement Fund, which, by agreement of the Parties, shall occur on or before 14 days after the date of entry of this Order.

9. The Court shall retain jurisdiction solely for the purpose of administering and enforcing the terms of the Settlement Agreement.

**SO ORDERED.**                      **ENTERED:**

**DATE:**     **April 20, 2018**             _____
                                                       **HON. MARIA VALDEZ**
                                                       **United States Magistrate Judge**